UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK STEWART,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, DOES 1 TO 5,<br><br>    Defendant. | Case No: C 08-5434 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket 16 |

The parties presently are before the Court on Defendant's unopposed Motion for Judgment on the Pleading Pursuant to Federal Rule of Civil Procedure 12(c). (Docket 16). Having read and considered the papers filed in connection with the motion, and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. Fed.R.Civ.P. 78(b).

I.    **BACKGROUND**

On September 25, 2008, Plaintiff Mark Stewart filed a pro se complaint against the City and County of San Francisco in San Francisco County Superior Court. He filed an amended complaint on October 31, 2008, in which he expressly alleged that the Defendant violated his constitutional rights under 42 U.S.C. § 1983. Defendant was served with a copy of the amended complaint on November 5, 2008, and thereafter filed an Answer on November 25, 2008. On December 3, 2008, Defendant filed a notice of removal on the ground that Plaintiff's claims arise under federal law. 28 U.S.C. §§ 1331, 1441(b).

On March 19, 2009, Defendant filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which it noticed for hearing on May 12, 2009. Under Civil Local Rule 7-3, any opposition to a motion or statement of non-opposition must be filed no later than 21

**1** days before the hearing date, which in this case would have been April 28, 2009.  The Court's

**2** Standing Order expressly warns that "[t]he failure of the opposing party to file a memorandum of

**3** points and authorities in opposition to any motion shall constitute a consent to the granting of the

**4** motion."  Nonetheless, the Court has received no opposition to Defendant's motion.  Plaintiff also

**5** has not filed a Case Management Conference ("CMC") Statement as required.

**6** ## II.    DISCUSSION

**7** The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is

**8** grounds for granting the motion.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); see

**9** Fed.R.Civ.P. 41(b).[1]  In Ghazali, the court noted that in exercising its discretion to dismiss the

**10** action, the district court is "required to weigh several factors: '(1) the public's interest in

**11** expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

**12** prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

**13** (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d 1421,

**14** 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon balancing the Ghazali factors under the facts

**15** of this case, the Court finds that dismissal is warranted.

**16** The first and second factors both favor dismissal.  In addition to failing to file an opposition

**17** to the Defendant's motion for judgment on the pleadings, Plaintiff failed to file a CMC Statement

**18** in anticipation of the CMC set for May 12, 2009.  Plaintiff's repeated failures to comport with

**19** Court's filing requirements undermine the Court's ability to move the case forward by entering a

**20** pretrial scheduling order or setting a trial date.  Such non-compliance inherently delays resolution

**21** of the case and insures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642

**22** (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to

**23** routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th

**24** Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963

**25** F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that

**26**

**27**

**28** _____

[1] A Rule 12(c) motion is a post-answer motion to dismiss.

1  [the court] could have devoted to other major and serious criminal and civil cases on its docket."). 
2  The first two <u>Ghazali</u> factors strongly support dismissal.

3  The third factor, the risk of prejudice to the Defendant, is related to the strength of the 
4  Plaintiff's excuse for the default.  <u>See</u> <u>Yourish</u>, 191 F.3d at 991.  Here, Plaintiff has offered no 
5  "excuse" for his conduct nor is any apparent from the record.  As noted, Plaintiff failed to file a 
6  CMC Statement and has not otherwise attempted to contact the Court regarding his failure to do so 
7  or his failure to oppose Defendant's motion for judgment on the pleadings.  Plaintiff simply has 
8  failed to provide any reason whatsoever for his failure to comply with the Court's orders and none 
9  is apparent from the record.  These facts also weigh strongly in favor of dismissal.  <u>See</u> <u>Yourish</u>, 
10 191 F.3d at 991; <u>Ghazali</u>, 46 F.3d. at 54.

11 The fourth factor favoring disposition of cases on the merits, by definition, weighs against 
12 dismissal.  <u>Pagtalunan</u>, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. 
13 Thus, this factor weighs against dismissal.")

14 Finally, the Court has considered less drastic alternatives to dismissal.  As noted, the 
15 Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the 
16 Court will construe such inaction as a consent to the granting of the motion. "[A] district court's 
17 warning to a party that failure to obey the court's order will result in dismissal can satisfy the 
18 'consideration of [less drastic sanctions]' requirement." <u>Ferdik</u>, 963 F.2d at 1262.

19 **III.    CONCLUSION**

20 In sum, the Court concludes that the relevant factors weigh strongly in favor of granting 
21 Defendant's unopposed motion and dismissing the action in its entirety.  Accordingly,

22 IT IS HEREBY ORDERED THAT Defendant's unopposed motion for judgment on the 
23 pleading (Docket 16) is GRANTED.  The Clerk shall close the file and terminate all pending 
24 matters and deadlines.

25 IT IS SO ORDERED.

26

27 Dated: May 11, 2009                              _____
                                                     Hon. Saundra Brown Armstrong
28                                                   United States District Judge

**1** UNITED STATES DISTRICT COURT
FOR THE
**2** NORTHERN DISTRICT OF CALIFORNIA

**3**

**4** MARK STEWART,

              Plaintiff,
**5**
     v.
**6**
SF CITY AND COUNTY et al,
**7**
              Defendant.
**8** _____/

**9**
                                                    Case Number: CV08-05434 SBA
**10**
                                                    **CERTIFICATE OF SERVICE**
**11**

**12** I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

**13**
That on May 13, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
**14** copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
**15** located in the Clerk's office.

**16**

**17**

**18** Mark Stewart
P.O. Box 884271
**19** San Francisco, CA 94188

**20** Dated: May 13, 2009
                                          Richard W. Wieking, Clerk
**21**
                                                    By: LISA R CLARK, Deputy Clerk
**22**

**23**

**24**

**25**

**26**

**27**

**28**